IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.   5:04cr62/MCR
5:07cv230/MCR/MD

DUSTIN CRUMBLEY

REPORT AND RECOMMENDATION

This matter is before the court upon defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 230). The government has filed a response (doc. 242) and the defendant has filed a reply (doc. 244). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

I. BACKGROUND

Defendant was charged in three counts of a five count indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 1,000 kilograms of marijuana (count one), possession with intent to distribute more than 500 grams of cocaine on a date certain (count four), and conspiracy to conduct financial transactions involving unlawful activity in violation

of 18 U.S.C. § 1956(a)(1) and (h) (count five).  (Doc. 3).  Defendant was represented by appointed counsel Jean Marie Downing, Esq.  Counsel filed a motion to dismiss the indictment with prejudice due to the denial of his speedy trial rights, which was denied.  (Doc. 91, 93, 94, 97, & 101).

Defendant entered into a written plea and cooperation agreement on February 10, 2006. (Doc. 108).  The agreement provided that defendant would plead guilty to counts one and four of the indictment, and upon his adjudication of guilt, the government would move to dismiss count five.  (Doc. 108 at 1-2).  The plea agreement provided that the penalties on count one were a mandatory minimum term of ten years imprisonment and a maximum term of life, and on count four a mandatory minimum of five years imprisonment and a maximum of forty years incarceration. (*Id.*)  The agreement explicitly provided that the sentence to be imposed was left solely to the discretion of the district court. (Doc. 108 at 2).  It also provided that the office of the United States Attorney had the discretion to inform the court about defendant's provision of substantial assistance and that any predictions of defendant's sentence were not guarantees or binding promises.  (*Id.* at 4-5).  A separate factual basis for plea, to which the defendant had not objection, was filed.  (Doc. 109; PSR ¶ 16).

Defendant's base offense level was calculated at 34, and with a three level adjustment for acceptance of responsibility due to his guilty plea, his total offense level was 31. (PSR ¶¶ 19, 25, 26).  Defendant had a criminal history category of III.  Counsel objected to the quantity of drugs attributed to the defendant and to the calculation of his criminal history based on his criminal history category overstating the seriousness of his criminal history and the age of some of the scored offenses.

At sentencing, the government indicated that it agreed with the position of defense counsel with respect to the drug quantity, (doc 166 at 4) and with respect to one of the points on defendant's criminal history category, although the criminal history category was unchanged.  Defendant's revised base offense level was 29,

with a criminal history category of III.  The applicable advisory guidelines range was 108 to 135 months.  Defendant was sentenced to the statutory minimum mandatory term of 120 months imprisonment.

A notice of appeal was filed, and defendant's trial counsel was granted leave to withdraw.  (Doc. 174).  Ryan Thomas Truskoski, appointed counsel for the defendant, filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and moved to withdraw.  The Eleventh Circuit found no arguable issues of merit, granted the motion and affirmed defendant's convictions and sentences on May 16, 2007.  (Doc. 223).

Although separated into four grounds for relief, all of the defendant's claims address the allegedly deficient indictment against him.  The government opposes the motion in its entirety.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2)

would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. No hearing is warranted in this case.

**Defendant first alleges that counsel failed to file a motion to dismiss the indictment based on the ten month delay between the return of the indictment and his arrest. Defendant's argument is factually incorrect as the record reflects that in fact, such a motion was filed by counsel (doc. 91). Defendant asserted in the motion that he had been prejudiced by the pre and post-arrest delay because witnesses for the defense had become unavailable, one witness had died in the interim, and documents had been lost or misplaced. The defendant's motion was denied by the court after response from the government, and a reply by the defendant. (Doc. 91, 93, 97 & 101). The court found that the defendant had failed to adequately allege a speedy trial violation based on the post-indictment delay in his arrest, or to allege with adequate specificity that he had suffered actual prejudice as a result of any delay. See *Doggett v. United States*, 505 U..S. 647, 652, 112 S.Ct. 2686, 2691 n.1, 120 L.Ed.2d 520 (1992) (delay approaching one year is "presumptively prejudicial"). Appellate counsel found no meritorious issues to pursue, and did not raise this issue on appeal. The defendant himself filed a supplemental response to the *Anders* brief filed by counsel in which he raised this issue. (Doc. 242, exh. 5 at 14, 18, 19, and appendix at 1). However, the Eleventh Circuit, after conducting an independent review of the entire record, found "no arguable issues of merit." (Doc. 223). The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan,* 663 F.2d 1034, 1035 (11th Cir. 1981); *Hidalgo v. United States*, 138 Fed.Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077,**

10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").  Thus, because this issue was presented to the appellate court for consideration, it can not be relitigated herein.

Defendant's second ground for relief appears to be that the indictment was void because the time frame alleged in the conspiracy spanned seven years.  To the extent defendant contends that there was a statute of limitations violation, he is mistaken.  "With respect to conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." *United States v. Starrett*, 55 F.3d 1525, 1550 (11th Cir. 1995) (quoting *United States v. Gonzalez,* 921 F.2d 1530 (11th Cir. 1991)).  The conspiracy to which the defendant pleaded guilty was alleged to have run from November of 1997 through the date of the indictment, December 7, 2004.  The substantive count to which defendant pleaded guilty was alleged to have occurred between January 30, 2004 and February 2, 2004.  This was clearly well within the statute of limitations period for the indictment, and there was no violation.

Defendant's third ground for relief is that counsel was constitutionally ineffective.  He appears to claim that counsel's deficiency arose from her negotiation of a plea agreement that was "no good" due to the delay between the filing of the indictment and defendant's arrest.   To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007).  "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v.*

*Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland,* the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069. Because, as noted above, the indictment itself was not deficient, and the district court found that there was no constitutional violation due to the lapse of time between defendant's indictment and his arrest, his assertion that the plea agreement secured by counsel was "no good" is without merit.

Defendant's final ground for relief is that the indictment was deficient because there was "pen writing" on its face that had not been done by the grand jury. The only pen writing on the indictment is the assignment of a case number on page one and the date and signatures of the United States Attorney, the Assistant United States Attorney, and the foreperson of the grand jury on page six. (Doc. 3). The basis for his assertion is unclear, and hence no relief is warranted.

Finally, defendant appears to suggest that if the indictment stated an offense, he should have been arrested before it was filed, an assertion that also has no legal basis.

To the extent that defendant contends that either his trial or his appellate counsel was ineffective for failing to pursue any of these claims, he has not shown deficient performance by counsel. None of the defendant's claim have merit, and counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore,* 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue);

*Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 230) be DENIED.

At Pensacola, Florida, this 17th day of April, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:04cr62/MCR; 5:07cv230/MCR/MD*